THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINIC DINISH and PRINCILLA JOHNSON-DINISH,<br><br>Plaintiffs,<br><br>v.<br><br>ELAN REAL ESTATE GROUP/BRYSON SQUARE APTS.,<br><br>Defendant. | CASE NO. C16-0565-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Bryson Square Apartments's ("Bryson") motion for summary judgment (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

On July 2, 2013, Plaintiffs Dominic Dinish and Princilla Johnson-Dinish entered into a written, residential landlord-tenant lease contract for unit R104 at Bryson Square Apartments in Kent, Washington. (Dkt. No. 20-1 at 2–24.) Defendant has submitted evidence showing that there were complaints and issues relating to Plaintiffs' tenancy from early on. (Dkt. No. 19-1.) On July 24, 2013, Plaintiffs were served with a 10-day notice to comply or vacate because they had extended their personal garden into the common areas and had personal items and boxes on

their patio and outside their front door. (Dkt. No. 20-1 at 30.) Plaintiffs did not comply with the request and on August 21, 2013, Bryson referred the Dinish tenant file to legal counsel to pursue a court eviction for failure to comply with the 10-day notice. (Dkt. No. 18-1 at 2–4.) The same day, Bryson's counsel served Plaintiffs with a notice of the unlawful detainer action. (*Id.*)

On September 19, 2013, Bryson obtained a judgment against Plaintiffs and the court issued a Writ of Restitution against them. (*Id.*) Following the issuance of the writ, Plaintiffs complied with the initial 10-day notice and removed the plants from the common area and the items from the patio. (Dkt. No. 17 at 3.)

Plaintiffs' lease was set to expire on June 29, 2014. (Dkt. No. 20-1 at 32.) Bryson decided not to renew the lease and on June 3, 2014, Bryson gave Plaintiffs a 20-day notice to terminate tenancy, effective the day their lease was scheduled to end. (*Id.*) Plaintiffs did not vacate the premises and on July 1, 2014, Bryson's legal counsel served Plaintiffs with an eviction summons, complaint, and affidavit of service of notice to vacate premises. (Dkt. No. 18-1 at 12–15.)

Prior to their eviction proceeding, Plaintiffs filed a complaint with the Washington State Human Rights Commission ("Commission") alleging they were subjected to discriminatory terms and conditions, and a discriminatory lease termination based on race. (Dkt. No. 20-1 at 34–42). For the hearing in front of the Commission, Bryson submitted the following evidence:

    1. A tenant roster of the property as of July 31, 2014, identifying the race or national origin of each household. (Dkt. No. 21 at 45–55.) Of the 186 occupied units, 6 were African (3.2%); 44 were African-American (23.6%); 58 were Caucasian (31.2%); 23 were Asian (12.4%); 23 were Hispanic (12.4%); 10 were Indian (5.4%); 3 were Arabic (1.6%); 4 were Russian (2.2%); 8 were houses of multiple races including African-American (4.3%); and 7 were households of multiple races not including African-American (3.8%). (*Id.*) Plaintiffs are African-American, and almost one-third of the occupied units at Bryson Apartments included at least one African-American tenant. (*Id.*)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 2

2. Between January 1, 2013 and May 24, 2014, Bryson issued similar 10-day notices—not including Plaintiffs—for inappropriate items on the patio to three Caucasian households, seven Hispanic households, three Asian households, two African-American households, two Indian households, and one African household. (*Id.* at 57–86.)

3. Bryson issued 20-day termination of tenancy notices between January 2011 and November 2013 to one Caucasian household, two Indian households, and three African-American households. (*Id.* at 88–92.)

The Commission determined that the preponderance of the evidence did not support a finding that Plaintiffs were subjected to discriminatory terms and conditions or lease termination based on race. (Dkt. No. 20-1 at 34–42.) Specifically, the Commission concluded that

> The investigation did not establish that Complainants met the tenancy qualifications; Complainants were late paying rent one month, received comply or vacate notices for failure to follow the rules, failed to timely comply with two such notices, engaged in behaviors that interfered with the neighbors' peaceful enjoyment, and interfered with Respondent's ability to conduct repairs in Complainants' unit . . . . The investigation did not establish that these rental terms and conditions were different from those applied to non-protected class persons; Respondent served comply or vacate notices, and termination of tenancy notices on tenants of a variety of races, not only on African-American tenants.

(*Id.* at 42.) The Commission recommended a finding of No Reasonable Cause to find discrimination based on race be entered. (*Id.*)

On August 8, 2014, the King County Superior Court heard the unlawful detainer action. (Dkt. No. 18-1 at 16–51.) Plaintiffs were represented by counsel at the hearing. (*Id.*) Plaintiffs alleged the affirmative defense that their eviction was retaliatory and discriminatory based on their race. (*Id.* at 22–23.) The court held the eviction was not retaliatory or discriminatory based on race and issued a writ of restitution requiring Plaintiffs vacate the property. (Dkt. No. 18-1 at 16–51.) Plaintiffs did so on August 20, 2014. (Dkt. No. 17 at 4.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 3

Plaintiffs, *pro se*, filed suit in the Western District of Washington on April 19, 2016, alleging violations of the Fair Housing Act (FHA), 42 U.S.C. § 3600, *et seq.*, and requesting damages in the amount of $400,000 to $1,000,000. (Dkt. No. 3.) Plaintiffs also allege a violation of the Seventh Amendment to the United States Constitution. (*Id.*)

Bryson filed a motion for summary judgment arguing that Plaintiffs cannot establish a prima facie case of race discrimination under the Fair Housing Act because they have not provided evidence to show that (1) Bryson engaged in discriminatory conduct, or (2) Plaintiffs have suffered a distinct and palpable injury. (Dkt. No. 17 at 7.) Because Plaintiffs have failed to present any evidence to support their claims, the Court agrees.

## II.   DISCUSSION

### A.   Summary Judgment Standard

The Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court views the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,

324 (1986).

**B.    Analysis**

    1.  <u>Fair Housing Act</u>

Under § 804(b) of the Fair Housing Act, it is unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." 42 U.S.C. § 3604(b). Similarly, under Washington law, "[i]t is an unfair practice for any person, whether acting for himself, herself, or another because of . . . race . . . to discriminate in the sale or rental, or to otherwise make unavailable or deny a dwelling, to any person; or to a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or to any person associated with the person buying or renting." Wash. Rev. Code § 49.60.220(1)(f).

Section 818 of the Fair Housing Act additionally provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted by section . . . 804 . . . of this title." 42 U.S.C. § 3617. In Washington State, "It is an unlawful practice to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, rights regarding real estate transactions secured by RCW 49.60.030, 49.60.040, and 49.60.222 through 49.60.224." Wash. Rev. Code § 49.60.2235.

A plaintiff may make a prima facie case of intentional discrimination under the Fair Housing Act by showing that (1) the plaintiff's rights are protected under the Fair Housing Act; and (2) as a result of the defendant's discriminatory conduct, the plaintiff has suffered a distinct and palpable injury. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Bryson agrees that Plaintiffs' rights are protected under the Act. (Dkt. No. 17 at 8.) Bryson argues that Plaintiffs have not shown that "they were denied any conditions, services or facilities in connection with their housing," or that they were "coerced, intimidated, or threatened, because of their race."

(Dkt. No. 17 at 8.) In support of this argument, Bryson submits the same evidence it submitted in its hearing in front of the Commission. (*Id.* at 8–9.) Included in this evidence are complaints regarding Plaintiffs from multiple other residents and the apartment manager. (Dkt. No. 19-1 at 2–34.)

In response, Plaintiffs have submitted no evidence to support their claims that Bryson discriminated against them other than their initial allegations that they suffered discrimination. (*See* Dkt. No. 3; Dkt. No. 27.) Although Plaintiffs' opposition to Bryson's motion for summary judgment is at times unclear, courts will construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). Therefore, the Court interprets Plaintiffs' response as making two arguments. First, Plaintiffs argue that the evidence submitted by Bryson pertains to the eviction proceedings in King County Superior Court in August 2014, whereas Plaintiffs maintain the violation complained of in this action centers on the writ of restitution Bryson obtained in September 2013. (Dkt. No. 27 at 1.) Plaintiffs argue that Bryson obtained that writ without properly serving them with the 2013 eviction summons and complaint, in violation of Revised Code of Washington § 59.12.040. (*Id.*) Under § 59.12.040, a tenant unlawfully residing in a premises must be provided notice prior to eviction. Second, Plaintiffs argue that in 2015 the judgment issuing the writ of restitution was vacated because Bryson admitted it made a mistake. (Dkt. No. 27 at 1.)

Addressing the first argument, although its relevance to Plaintiffs' claims is questionable, Plaintiffs present no evidence to support their contention. Bryson, on the other hand, submitted

proof of service of the eviction summons and complaint.[1] (Dkt. No. 18-1 at 2–51.) Bryson also submits evidence showing that Plaintiffs failed to answer the eviction summons and complaint and the court issued an order of default judgment directing the issuance of the writ of restitution. (*Id.* at 53–60.) As to Plaintiffs' claim that the 2013 eviction was vacated in 2015 because Bryson admitted it made a mistake, they again fail to present any evidence to support this or explain how it is relevant to the discrimination claims. (Dkt. No. 27 at 1.) Bryson contends that Plaintiffs requested the 2013 judgment of default be vacated, to which Bryson agreed because the premises had been returned to Bryson via the 2014 eviction. (Dkt. No. 28 at 3.)

1. Seventh Amendment

Plaintiffs maintain that Bryson violated their Seventh Amendment rights. (Dkt. No. 3; Dkt. No. 27.) Construing Plaintiffs' pleadings liberally, the Court struggles to understand why Plaintiffs made this allegation. Under the Seventh Amendment, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII. Plaintiffs have presented no evidence from which a reasonable juror could conclude that Bryson impeded Plaintiffs' right to a jury trial.

### III.   CONCLUSION

As expressed in an earlier order, "[t]he Court recognizes that Plaintiffs feel they have suffered significant damage and acknowledges their distress." (Dkt. No. 16.) However, even viewed in the light most favorable to the non-moving party, Plaintiffs have presented no evidence to support their claims for discrimination under the Fair Housing Act.

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 17) is

---

[1] "Proof of any service under this section may be made by the affidavit of the person making the same in like manner and with like effect as the proof of service of summons in civil actions." Wash. Rev. Code § 59.12.040.

1  GRANTED. The Court DISMISSES all of Plaintiffs' claims with prejudice.

2

3      DATED this 9th day of November 2016.

4

5

6

7

8

9                                          _____
                                           John C. Coughenour
10                                         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26